IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHIBUEZE C. ANAEME,

                 Plaintiff,

   vs.                                         CIVIL NO.  05-1098 JP/LFG

WALGREEN CO. et al.,

                 Defendants.

## AMENDED[1] FINDINGS OF FACT
## AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on an order to show cause hearing.  On January 31, 2006, the Court directed the Plaintiff Chibueze C. Anaeme ("Anaeme") to personally appear at the United States District Court on February 10, 2006 at 9:00 to show cause, if any he has, why Rule 16 sanctions, including dismissal of his case with prejudice, *see* Ehrenhaus v. Reynolds, 965 F.2d 916, 920 (10th Cir. 1992), should not be entered as a result of his repeated failure to appear for court hearings and otherwise comply with Court orders and directives.  Anaeme was further directed to show cause, if any he has, why Defendants' attorney fees and costs should not be imposed against him.

Anaeme failed to appear at the show cause hearing on February 10, 2006 as directed.  Based on the Court's review of the pleadings in this case, and after taking judicial notice of its own records. Fed. R. Evid. 201(c); St. Louis Baptist Temple, Inc. v. FDIC, 605 F.2d 1169, 1172 (10th Cir. 1979)(court may take judicial notice of its own records whether it is asked to or not), and after considering the evidence and statements presented at the show cause hearing, the Court now finds:

---

[1]A correction is made on page 6, ". . . the Court imposes a new fine of $500.00" instead of $225.00 as erroneously stated in the prior order.

1.  On October 27, 2005, the Court issued its Initial Scheduling Order setting a Fed. R. Civ. P. 16 scheduling conference for December 14, 2005 [Doc. 3].

2.  At the date and place scheduled for the court hearing, Anaeme failed to appear.  Moreover, he failed to request any continuance of the hearing in advance of the hearing, and failed to provide the Court with any reason or justification why he could not appear.  Anaeme failed to request any accommodation such as telephonic appearance at the Rule 16 hearing.

3.  Due to Anaeme's non-appearance at the Rule 16 hearing scheduled for December 14, 2005, the Court was unable to conduct the scheduling conference and was thereby forced to vacate the proceedings.

4.  Defendants appeared at the Rule 16 scheduling conference in accord with the Court's directive and incurred costs and fees as a result of the appearance.

5.  Due to Anaeme's non-appearance, the Court was inconvenienced and, as a result, was compelled to vacate the conference and reschedule it for a later date.  Thus, the non-appearance interfered with the judicial process.

6.  The need to reschedule the conference further prevented the Court from issuing a scheduling order within the time contemplated by Fed. R. Civ. P. 16(d) ("the [scheduling] order shall issue as soon as practicable, but in any event within ninety days after the appearance of a defendant . . . .")

7.  Due to Anaeme's non-appearance and the need to reschedule, the Court's scheduling order did not issue and, indeed, has not issued for more than ninety days since Defendants' entry of appearance by way of answer on October 24, 2005 [Doc. 2].

8.  As a result of Anaeme's non-appearance at the Rule 16 conference, the Court issued an Order to Show Cause [Doc. 10] and directed Anaeme to show cause why sanctions, including

2

dismissal of his case with prejudice, <u>Ehrenhaus v. Reynolds</u>, should not issue as a result of his violation of Court orders.  The Court directed that Anaeme file a written response and supporting affidavit.

9.  On December 22, 2005, and contrary to the Court's directive that an affidavit be filed, Anaeme simply submitted a brief response.  The unsworn statement contended that Anaeme did not appear because "Plaintiff was ill" [Doc. 12].  Anaeme failed to provide any verification of the purported illness and failed to submit any corroborating documents or information supporting his contention that he was ill.

10.  On December 29, 2005, the Court issued an order finding that Anaeme's conduct in failing to appear for the Rule 16 scheduling conference was sanctionable under Rule 16 [Doc. 15]. The Court noted that Anaeme has a history of frivolous litigation and non-compliance with court orders, rules and directives.

11.  The Court conducted an evaluation pursuant to the requirements of <u>Ehrenhaus v. Reynolds</u> and found that Defendants were prejudiced as a result of Anaeme's failure to appear; that the failure to appear interfered with the judicial process; and that Anaeme, representing himself, was the proper person to bear any sanction.

12.  The Court further found that, prior to his non-appearance, Anaeme had not been warned that failure to comply with court orders and directives could result in dismissal of his case with prejudice.  Without a prior warning, the Court concluded that dismissal of his case might be a harsh sanction.  Accordingly, the Court considered a lesser sanction and determined that the imposition of a fine and an award of attorney fees could serve to deter future misconduct.

13.  Accordingly, the Court ordered Anaeme to pay attorney fees to defense counsel in the amount of $225.00 and to pay a similar fine to the Court Clerk within twenty days [Doc. 15,

sanctions order].  Anaeme was to file a certification of compliance.

14.  Anaeme did not pay any portion of the fine nor any portion of the attorney fees.  Instead, he submitted a response indicating that he was unemployed.  Thus, contrary to the Court's expectation that imposition of a fine and award of attorney fees would deter future misconduct, as no fine was paid and attorney fees were not reimbursed, Anaeme had no incentive to avoid future misconduct.

15.  On December 22, 2005, Anaeme filed a "Notice of Non-Availability" [Doc. 11] indicating that he would not be available for any court proceedings for two months.

While a court attempts to accommodate a litigant's legitimate scheduling conflicts, a party's unilateral declaration that he is "unavailable" for two months cannot trump the court's case management responsibilities.  This is especially so when the Civil Justice Reform Act, 28 U.S.C. § 471 *et seq.* contemplates reasonable disposition deadlines.  Parties may not elevate their whims over the court's obligations to resolve a case within specific deadlines.  To do so would be an abdication of the court's case management responsibilities. *See* Gregg v. SBC Ameritech, 2005 WL 1514114 at *8 (S.D. Ohio June 24, 2005).  Fidelity to the constraints of scheduling orders and deadlines is critical to the Court's case management responsibilities.  Finch v. Hercules, Inc., 1995 WL 785100 at *9 (D. Del. Dec. 22, 1995).  Anaeme's Notice of Non-Availability cannot and did not bar the Court from performing its case management obligations.

16.  On January 9, 2006, the Court reset a Rule 16 scheduling conference for January 31, 2006 [Doc. 18].  Notice of the setting was provided to Anaeme.

17.  On January 17, 2006, Anaeme moved to vacate the conference, contending "I have other previously scheduled litigation matters . . . ."  [Doc. 20].

18.  The Court denied the motion without prejudice because Anaeme failed to provide any specificity concerning the nature of the conflict regarding when or how the conflict arose [Doc. 21]. In denying the motion to vacate without prejudice, the Court noted:

> Mr. Anaeme is privileged to immediately file an amended motion to vacate that sets out the specific conflict. If Mr. Anaeme contends that he is required to be before another court or in a deposition, he is to provide this Court with the caption of the case, the docket number, the court in which the action is pending, the date on which the conflict occurs, and the date on which the conflict arose.

Further, the Court required Anaeme to attach exhibits to his amended motion to vacate the notice of hearing that formed the basis of the conflict.

19.  Anaeme did not file an amended motion to vacate, nor did he provide any verification concerning his alleged conflict. The Court believes that no such conflict existed and that Anaeme simply made a misrepresentation to the Court concerning the conflict.

20.  Anaeme failed to appear for the second Rule 16 conference on January 31, 2006. In accord with the Court's directive, however, defense counsel appeared and incurred costs and fees for this appearance.

21.  Anaeme has been deemed a frivolous litigant and frivolous filer, *see* <u>Anaeme v. Medical Staffing Network</u>, DNM CIV 05-412, December 6, 2005, and is now barred from initiating new *pro se* litigation in this district unless he complies with certain requirements.

22.  Anaeme's litigation history in this district demonstrates that he files baseless and meritless lawsuits; that once his lawsuits are filed, he fails to diligently prosecute them; and that he fails to comply with court orders and directives.

23.  By virtue of this Court's earlier Order to Show Cause [Doc. 10] and sanction order [Doc. 15], Anaeme was put on notice that failure to comply with court orders, directives and rules of the

court could result in dismissal of his case with prejudice.  Indeed, the Court's most recent Order to Show Cause [Doc.25] specifically warned that if Anaeme failed to appear for the show cause hearing, the magistrate judge would recommend dismissal of the case with prejudice as a Rule 16 sanction. Notwithstanding that direct warning, Anaeme failed to appear for the show cause hearing on February 10, 2006.

24.  The Court having previously conducted an Ehrenhaus v. Reynolds analysis, again finds that Defendants are prejudiced by Anaeme's most recent failure to comply with the Court's scheduling order; that Anaeme has repeatedly interfered with the judicial process; and that Anaeme, representing himself, should bear the brunt of consequence for his misconduct.

25.  Further, the Court now finds that pursuant to the prior order imposing sanctions, Anaeme was put on notice that failure to comply with court orders, directives and rule could result in dismissal of his case with prejudice.

26.  Finally, the Court now concludes that no other sanction is sufficient to deter Anaeme's misconduct.  Indeed, Anaeme failed to comply with the payment requirements when the Court previously ordered lesser sanctions.

Based on the foregoing, the Court imposes a new attorney fee sanction against Anaeme and in favor of defense counsel in the amount of $225.00; and the Court imposes a new fine of $500.00 payable to the Clerk of Court.  These fines are cumulative and in addition to the fines and fees previously imposed.  These new fines are to be paid within twenty days after entry of this order.

**Recommended Disposition**

Based on these findings, the Court recommends that (1) Anaeme's case be dismissed with prejudice;[2] (2) that he be fined $500.00; and (3) that he be ordered to pay Defendants' attorney fees of $225.00.

_Lorenzo F. Garcia_
Lorenzo F. Garcia
Chief United States Magistrate Judge

---

[2]Within ten (10) days after a party is served with a copy of this analysis and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such analysis and recommendation. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the analysis and recommendation. Thus, if Aname files no objections by February 28, 2006, no appellate review will be allowed.